**Balvinder Baigit KUMAR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74135.

Agency No. A78–366–023.

United States Court of Appeals, Ninth Circuit.

Fed. R.App. P. 34(a)(2).

Submitted Jan. 10, 2005.[*]

Decided Jan. 18, 2005.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM [**]

Balvinder Baigit Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Kumar's asylum application is time-barred, and accordingly we dismiss the petition for review as to the asylum claim. *See Hakeem v. INS*, 273 F.3d 812, 815–16 (9th Cir.2001); 8 U.S.C. § 1158(a)(3).

We have jurisdiction pursuant to 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence the IJ and BIA's decision to deny withholding of removal, *Hakeem*, 273 F.3d at 816, and relief under CAT, *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003).

Kumar contends that the IJ erred in denying him withholding of removal be-

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause his testimony was credible. We disagree. Kumar knowingly submitted an affidavit allegedly signed by his father almost two years after his father's death. Kumar's affidavit went to the heart of his asylum application and provides grounds for an adverse credibility finding. *See Akinmade v. INS,* 196 F.3d 951, 955–56 (9th Cir.1999) (noting that "the presentation of a fraudulent document in an asylum adjudication for the purpose of establishing the elements of an asylum claim" is a proper basis for an adverse credibility finding).

Because the IJ offered a specific, cogent reason for questioning Kumar's credibility, and because Kumar has not shown that the evidence compels a conclusion to the contrary, substantial evidence supports the IJ's finding that Kumar failed to establish eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (an adverse credibility finding may be dispositive of an applicant's eligibility for withholding of removal); *see also Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

Substantial evidence supports the BIA's denial of relief under CAT. *See Farah,* 348 F.3d at 1156.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.